Charles W. Grimes (CG 0899)
Jessica S. Rutherford (JR 6298)
GRIMES & BATTERSBY, LLP
200 W. 57th Street
Suite 1101
New York, NY 10019
Tel: (914) 698-1305
Attorneys for Plaintiff

**08 CIV. 6490**

FILED

JUL 2 1 2008

USDC WP SDNY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

J. DAVID SPURLOCK, D/B/A VANGUARD :     Civil Action No.:
PRODUCTIONS, :

             Plaintiff, :

      :     **COMPLAINT**

      -against- :

      :     **Jury Trial Demanded**

PERSEUS BOOKS, LLC and VANGUARD PRESS :

             Defendants. :
-------------------------------------------------------------------X

      Plaintiff, J. David Spurlock, d/b/a Vanguard Productions ("Vanguard"), by its attorneys,

Grimes & Battersby, LLP, as and for its Complaint against Defendants, Perseus Books, LLC and

Vanguard Press (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

      1.     This is an action in law and in equity for trademark infringement, false

designation of origin, and unfair competition arising under the Lanham Act, 15 U.S.C. §§ 1051,

*et seq.*, for violations of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d),

and for related claims of trademark infringement, unfair competition, dilution, injury to business

reputation and deceptive trade practices under the laws of the State of New York.

      2.     As set forth below, Vanguard is a leading independent publisher of books, comic

books, graphic novels, magazines, cards, art prints, reviews and other printed matter. Vanguard

owns valuable trademark rights in and to a series of marks containing the dominant term "Vanguard" for use in connection with these publications.

3.      Defendant Perseus is a major trade publisher and owns one of the largest book distributors in the United States. Notwithstanding Vanguard's prior protestations, Defendant Perseus has blatantly and willfully trampled on Vanguard's trademark rights by establishing Defendant Vanguard Press as a subsidiary, introducing a book publishing imprint using the name "Vanguard Press," and publishing books using the designation "Vanguard Press."

4.      By virtue of Defendants' dominant position in the industry relative to Vanguard and Defendants' significant marketing budget, Defendants' "Vanguard Press" mark has begun to saturate the market and overwhelm Vanguard's "Vanguard"-composite trademarks in the marketplace. Members of the relevant trade have already expressed a mistaken belief that Vanguard's publications are in fact Defendants', or that the two companies are somehow related. As a result, Vanguard is quickly losing the value of its trademarks, its product identity, and control over its goodwill and reputation. Accordingly, the harm suffered by Vanguard as a result of Defendants' infringement and unfair competition is irreparable, and Defendants' wrongful activities will continue unless enjoined by the Court.

## PARTIES

5.      Plaintiff J. David Spurlock is a New Jersey resident d/b/a Vanguard Productions, with a principal place of business at 575 Prospect Street, Lakewood, New Jersey and offices at 186 Center Street, Clinton, New Jersey.

6.      Upon information and belief, Defendant Perseus Books, LLC ("Perseus") is a Delaware limited liability company with its principal place of business at 387 Park Avenue South, New York, New York.

7.    Upon information and belief, Defendant Vanguard Press ("Vanguard Press") is a subsidiary of Defendant Perseus and has offices at 387 Park Avenue South, New York, New York.

## JURISDICTION & VENUE

8.    The Court has jurisdiction over the subject matter of this action under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331, 1332 and 1338(a) and (b). The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. §§ 1338(b) and 1367(a).

9.    The Court has personal jurisdiction over Defendants by virtue of the fact that, upon information and belief, Defendants (a) are doing business in the State; (b) have transacted business within the State of New York; (c) have infringed Plaintiff's trademarks within the State and (d) have infringed Plaintiff's trademarks without the State causing injury to Plaintiff's property within the State.

10.    Venue is proper under 28 U.S.C. §§ 1391 (b) and (c) because Defendant does business in, has substantial contacts with and/or may be found in the Southern District of New York, and a substantial portion of the events at issue have arisen and will arise in this judicial district.

## FACTS COMMON TO ALL COUNTS

Vanguard's Valuable "VANGUARD" Trademarks

11.    Vanguard is a leading independent publisher of books, comic books, graphic novels, magazines, cards, art prints, reviews and other printed matter. Vanguard's customers are book distributors, book retailers and the general public.

12.    Since 1990, Vanguard has made continuous and widespread use in commerce of trademarks featuring the term "Vanguard" in connection with printed publications, namely, books, comic books, graphic novels, magazines, cards, art prints, reviews and other printed matter.    Specifically, Vanguard owns the following registered and unregistered trademarks, without limitation:

(a)    U.S. Trademark Registration No. 3,429,227 for the trademark "VANGUARD PRODUCTIONS" for "publishing of books, magazines; publishing and distribution of books, reviews and other printed matter" in Class 41 on the Principal Register.  (A copy of Vanguard's trademark registration certificate for the mark "VANGUARD PRODUCTIONS" is attached to this Complaint as Exhibit A and incorporated herein by reference.)

(b)    the unregistered trademark "VANGUARD PRESS" for printed publications, namely, books, comic books, graphic novels, magazines, cards, art prints, reviews and other printed matter;

(c)    the unregistered trademark "VANGUARD" for printed publications, namely, books magazines, comic books, graphic novels, cards, art prints, reviews and other printed matter;

(d)    the unregistered trademark "VANGUARD PUBLISHING" for printed publications, namely, books, comic books, graphic novels, magazines, cards, art prints, reviews and other printed matter;

(e)    the unregistered trademark "VANGUARD MAGAZINE" for printed publications, namely, books, comic books, graphic novels, magazines, cards, art prints, reviews and other printed matter;

(f)    the unregistered trademark "VANGUARD COMICS" for printed publications, namely, books, comic books, graphic novels, magazines, cards, art prints, reviews and other printed matter;

(g)    the unregistered trademark "VANGUARD STUDIO" for printed publications, namely, books, comic books, graphic novels, magazines, cards, art prints, reviews and other printed matter;

These trademarks are hereinafter referred to collectively as the "VANGUARD Trademarks."

13.    The VANGUARD Trademarks are inherently distinctive to the public and the trade with respect to publishing services and publications. The VANGUARD Trademarks serve primarily as designators of origin of products and services emanating from or sponsored by Vanguard. In particular, members of the trade, including Defendant Perseus's own subsidiary, commonly refer to Vanguard using the "VANGUARD PRESS" trademark, as follows:

(a)    Upon information and belief, in or about October 2006, *Illustration Magazine* reviewed two of Vanguard's books and referred to Vanguard using the "VANGUARD PRESS" trademark. (A true and correct copy of a page from *Illustration Magazine*, wherein Vanguard is referred to using the "VANGUARD PRESS" trademark, is attached to this Complaint as Exhibit B and incorporated herein by reference.)

(b)    Upon information and belief, on or about June 30, 2008, Publishers Group West, one of the largest book distributors in the United States, sought to distribute Vanguard's publications and sent Vanguard a package containing its catalogues for review. Publishers Group West addressed the package to "VANGUARD PRESS" referring to Vanguard. Upon information and belief, Publishers Group West is owned by Defendant Perseus. (A true and correct copy of a package sent by Publishers Group West and affixed with a mailing label

addressed to Vanguard using the "VANGUARD PRESS" trademark is attached to this Complaint as Exhibit C and incorporated herein by reference.)

14.    A strong association exists between Vanguard's VANGUARD Trademarks and book publishing.    Vanguard has deliberately and consistently reinforced such association as follows:

(a)    Since 1990, Vanguard has spent substantial amounts of money on national advertising campaigns using the VANGUARD Trademarks;

(b)    The VANGUARD Trademarks are prominently featured on all of Vanguard's publications.

15.    Since the inception of their use, the VANGUARD Trademarks have been used by Vanguard only in connection with the finest publications.    The quality of Vanguard's publications has been recognized as follows:

(a)    Several of Vanguard's publications have received critical acclaim from *The New York Times*, *Publishers Weekly*, *Library Journal*, *Entertainment Weekly*, *Time Out New York* and *The Village Voice*;

(b)    Several of Vanguard's publications have been nominated for prestigious awards, such as the Eisner Award, the IPPY Award, and the Rondo Award.

16.    In addition, Vanguard has made extensive use of the VANGUARD Trademarks in connection with the Internet since 1994.    Vanguard uses its VANGUARD Trademarks on its Internet web site at www.vanguardproductions.net.    Vanguard has owned the domain name "vanguardproductions.net" since 2006.    (A true and correct printout from GoDaddy's WHOIS database demonstrating Vanguard's ownership of "vanguardproductions.net" is attached hereto as Exhibit D and incorporated herein by reference.)

17.    As a result of the widespread promotion, marketing, advertising, use and display of the VANGUARD Trademarks over the past eighteen years, (a) the public and the trade have come to recognize that the marks refer to high quality publications emanating from a single source of origin, and (b) said marks have gained secondary meaning and extensive goodwill.

Defendants' Acts of Infringement, False Designation of Origin, Unfair Competition, Dilution, Injury to Business Reputation and Deceptive Trade Practices

18.    In or about November 2006, Vanguard became aware that Defendant Perseus intended to adopt and commence use of the name "Vanguard Press" in connection with a book publishing imprint.

19.    On or about November 20, 2006, Vanguard, acting through its prior counsel, sent a cease and desist letter to Defendant Perseus, in which Vanguard demanded, *inter alia*, that Defendant Perseus: cease all use of the "Vanguard Press" mark, or any other mark containing or comprising the term "Vanguard," with respect to any publications; cease all active promotion of the "Vanguard Press" name as the name of a publishing unit and/or imprint; select a new imprint name that does not contain the term "Vanguard"; provide all distributors and retailers with updated product information and new or revised promotional materials; and revise all websites owned or controlled by Defendant Perseus to remove all references to "Vanguard Press" and replace such name with the newly selected name of the imprint.  (A true and correct copy of the November 20, 2006 letter is attached to this Complaint as Exhibit E and incorporated herein by reference.)

20.    Despite Defendant Perseus' actual knowledge of Vanguard's prior and superior trademark rights, as well as Vanguard's clear and unambiguous objections to such infringing activities, upon information and belief, Defendant Perseus launched the Vanguard Press imprint

7

and commenced publication of books bearing the designation "Vanguard Press" in or about March 2007.

21.    On or about March 19, 2007, Vanguard, acting through its prior counsel, sent another a cease and desist letter to Defendant Perseus' counsel, in which Vanguard demanded, *inter alia*, that Defendant Perseus: cease all use of the "Vanguard Press" mark, or any other mark containing or comprising the term "Vanguard," with respect to any publications or the advertisement and promotion thereof; cease all use of the "Vanguard Press" name as the name of a publishing unit and/or imprint; select a new imprint name that does not contain the term "Vanguard"; provide all distributors and retailers with updated product information and new or revised promotional materials; and revise all websites owned or controlled by Defendant Perseus to remove all references to "Vanguard Press" and replace such name with the newly selected name of the imprint. (A true and correct copy of the March 19, 2007 letter is attached to this Complaint as Exhibit F and incorporated herein by reference.)

22.    On or about May 31, 2007, Vanguard, acting through its prior counsel, sent a letter to Defendant Perseus inviting Defendant Perseus to submit a proposal for the Defendants' purchase of Vanguard's VANGUARD Trademarks or the possible grounds for the parties' co-existence. (A true and correct copy of the May 31, 2007 letter is attached to this Complaint as Exhibit G and incorporated herein by reference.)

23.    On or about October 17, 2007, Vanguard, acting through its present counsel, sent a fourth and final letter to Defendant Perseus' counsel inviting Defendant Perseus to initiate settlement discussions. (A true and correct copy of the October 17, 2007 letter is attached to this Complaint as Exhibit H and incorporated herein by reference.) Settlement discussions began in October 2007 and continued through May 2008. As part of such settlement discussions,

Vanguard's counsel advised Defendants' counsel that Vanguard had evidence of actual reverse confusion. Ultimately, the parties were unable to reach an agreement to resolve the trademark dispute.

24.    Upon information and belief, Defendant Vanguard Press has published twenty-three (23) books to date. The "Vanguard Press" designation is displayed on the covers of all books published by Defendants' "Vanguard Press" imprint.

25.    Defendants' "Vanguard Press" name is identical to Vanguard's "VANGUARD PRESS" trademark and is confusingly similar to Vanguard's other registered and unregistered VANGUARD Trademarks.

26.    Upon information and belief, the parties' books are sold in the same channels of trade to the same class of purchasers and bear a similar cover price. The parties attend the same trade shows and share many of the same customers.

27.    Upon information and belief, Defendants maintain an Internet web site at the URL "www.perseusbooks.com", at which the designation "Vanguard Press" is featured. This web site is accessible to residents of New York State and this District. (A true and correct print out from Network Solutions' WHOIS database for www.perseusbooks.com is attached to this Complaint as Exhibit I and incorporated herein by reference.)

28.    Upon information and belief, Defendants maintain an Internet web site at the URL "www.vanguardpressbooks.com", at which the designation "Vanguard Press" is featured. This web site is accessible to residents of New York State and this District. (A true and correct print out from Network Solutions' WHOIS database for www.vanguardpressbooks.com is attached to this Complaint as Exhibit J and incorporated herein by reference.)

29.    Upon  information  and  belief,  Defendants  have  registered  the  URL "www.vanguardpress.net", which resolves to its "www.vanguardpressbooks.com" Internet web site.    (A  true  and  correct  print  out  from  Network  Solutions'  WHOIS  database  for www.vanguardpress.net is attached to this Complaint as Exhibit K and incorporated herein by reference.)

30.    Defendants'  "www.vanguardpressbooks.com"  and  "www.vanguardpress.net" domain names are confusingly similar to Vanguard's "VANGUARD PRESS" trademark and Vanguard's other registered and unregistered VANGUARD Trademarks.

31.    Through  its  dominant  position  in  the  industry  relative  to  Vanguard  and Defendants' significant marketing budget, Defendants' "Vanguard Press" mark has begun to saturate the market and overwhelm Vanguard's VANGUARD Trademarks in the marketplace.

32.    The continued sale of Defendants' books bearing the "Vanguard Press" mark is likely to cause reverse confusion, mistake and/or deception as to the source of origin of the products in that the public, the trade and others are likely to believe mistakenly that Vanguard's books are in fact Defendants' books; and/or that Defendants, the junior user, has somehow sponsored or approved of Vanguard, the senior user of the VANGUARD Trademarks.

33.    This confusion is not merely theoretical.  It has already occurred and continues to occur, as follows:

(a)    A review of one of Defendant Vanguard Press' books was mistakenly sent to Vanguard on or about April 9, 2007.  (A true and correct copy of the book review is attached to this Complaint as Exhibit L and incorporated herein by reference.);

(b)    On or about May 31, 2007, Mr. Spurlock attended the Book Expo America book publishing trade show in New York, New York.  While registering for admission,

Mr. Spurlock was mistakenly given a badge meant for Defendant Vanguard Press. (A true and correct copy of the badge is attached to this Complaint as Exhibit M and incorporated herein by reference.);

34.    Defendants' continued sale of unauthorized, infringing products is depriving Vanguard of the ability to control the use of its valuable intellectual property. Vanguard has lost and will continue to lose its brand identity, product identity, company identity and control over its goodwill and reputation.

35.    Moreover, Vanguard is justifiably concerned that its company and its VANGUARD Trademarks will be tarnished by the mistaken association with Defendant Vanguard Press because of Defendant's conduct, as follows:

(a)    Upon information and belief, in or about May 2007, Defendant Vanguard Press published a 30th-anniverary edition of "Roots" by Alex Haley which included known plagiarized passages that were not identified by the publisher. Defendant's conduct generated negative press. (A true and correct copy of a June 8, 2007 article by Philip Nobile published by *New York Magazine* is attached to this Complaint as Exhibit N and in corporate herein by reference.);

(b)    Upon information and belief, in or about September 2007, Defendant Vanguard Press published a collection of newspaper columns by bestselling author John Grogan without the author's consent and over his objections. Defendant's conduct generated negative press, wherein Mr. Grogan is quoted as speculating that, "[t]his has nothing to do with wanting to publish my columns and everything to do with [Vanguard and the Inquirer] getting a piece of this very large audience I have with 'Marley & Me,'" a book which is published by a rival publisher. (A true and correct copy of a June 8, 2007 article by Rachel Deahl published by

11

*Publishers Weekly* is attached to this Complaint as Exhibit O and incorporated herein by reference.)

36.    Upon information and belief, at the time Defendants acted as aforesaid, they had knowledge that:

(a)    Vanguard owned trademark rights in the VANGUARD Trademarks; and

(b)    the owner of trademark rights in the VANGAURD Trademarks had not authorized their use on or in connection with Defendants' publications or book publishing imprint.

37.    Upon information and belief, even after receiving Vanguard's cease and desist letters, Defendants have continued to use the designation "Vanguard Press" as the name of a book publishing imprint and in connection with the books published by this imprint, as alleged more fully above.

38.    Upon information and belief, Defendants are continuing and intend to continue to use the designation "Vanguard Press" as the name of a book publishing imprint and in connection with the books published by this imprint.

39.    Upon information and belief, Defendants continue in their course of infringing conduct with full knowledge that:

(a)    Vanguard owns trademark rights in the VANGUARD Trademarks;

(b)    the owner of trademark rights in the VANGUARD Trademarks has not authorized their use on or in connection with Defendants' publications or book publishing imprint; and

(c)    Defendants' conduct has caused actual reverse confusion.

40.    Defendants' aforementioned acts are willful and intentional.

## CLAIMS FOR RELIEF

## COUNT ONE

### INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK

41.    Plaintiff repeats and re-alleges Paragraphs 1 through 40 as if fully set forth herein.

42.    This is a claim for infringement of Vanguard's federally registered "VANGUARD PRODUCTIONS" trademark arising under Section 32 of the Lanham Act, 15 U.S.C. §1114.

43.    Defendants' use of the designation "Vanguard Press," is likely to cause reverse confusion, cause mistake and/or cause deception as to the source of origin of their goods and services in that the public, the trade and others are likely to believe that Plaintiff's goods and services are provided by, sponsored by, approved by, licensed by, affiliated with or in some other way are legitimately connected to Defendants.

44.    By their actions, Defendants have deliberately sought to deceive the public as to the origin and sponsorship of the book publishing imprint designated "Vanguard Press" and the books published by this imprint which carry the "Vanguard Press" designation on their covers.

45.    Defendants' use of the designation "Vanguard Press" in connection with Defendants' goods and services has been made notwithstanding Plaintiff's well-known and prior established rights in the "VANGUARD PRODUCTIONS" trademark and with both actual and constructive notice of Plaintiff's federal registration rights under 15 U.S.C. § 1072.

46.    Plaintiff has no control over the nature or quality of Defendants' goods or services or any other aspect of the business conduct of Defendants.   Plaintiff prides itself on its outstanding reputation for providing only the finest quality publications, and consumers have come to expect such goods and services from Plaintiff.   Defendants' goods and services and

business conduct are likely to reflect adversely on Plaintiff and its federally registered "VANGUARD PRODUCTIONS" trademark, thus hampering efforts by Plaintiff to continue to protect its reputation and to promote genuine goods and services under the "VANGUARD PRODUCTIONS" trademark.

47.    Defendants' use of the designation "Vanguard Press" constitutes willful infringement of Plaintiff's federally registered "VANGUARD PRODUCTIONS" trademark, to the substantial and irreparable injury of the public and of Plaintiff's business reputation and goodwill.

48.    Defendants' wrongful acts have caused and, unless restrained by this Court, will continue to cause serious irreparable injury and damage to Plaintiff and to the goodwill associated with Plaintiff's registered marks. Plaintiff has no adequate remedy at law.

## COUNT TWO

## FEDERAL TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

49.    Plaintiff repeats and re-alleges Paragraphs 1 through 48 as if fully set forth herein.

50.    This is a claim for trademark infringement, false designation of origin and unfair competition arising under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), as follows:

(a)    Defendants' unauthorized use of Plaintiff's VANGUARD Trademarks for the name of a book publishing imprint and in connection with the books published by this imprint constitutes willful trademark infringement, false designation of origin and unfair competition to the substantial and irreparable injury of the Plaintiff and of Plaintiff's business reputation and goodwill.

(b)    Defendants' unauthorized use of Plaintiff's VANGUARD Trademarks on the Internet constitutes willful trademark infringement, false designation of origin and unfair

14

competition to the substantial and irreparable injury of the Plaintiff and of Plaintiff's business reputation and goodwill.

51.    Defendants' wrongful acts have caused and, unless restrained by this Court, will continue to cause serious irreparable injury and damage to Plaintiff and to the goodwill associated with Plaintiff's registered marks. Plaintiff has no adequate remedy at law.

**COUNT THREE**

**CYBERSQUATTING**

52.    Plaintiff repeats and re-alleges Paragraphs 1 through 51 though fully set forth herein.

53.    Upon information and belief, Defendants had a bad faith intent to profit from the registration and use of the Internet domain names "www.vanguardpressbooks.com" and "www.vanguardpress.net" by creating an association with Plaintiff's famous VANGUARD Trademarks as to source or sponsorship.

54.    The second-level domain name portions of the "www.vanguardpressbooks.com" and "www.vanguardpress.net" Internet domain names are confusingly similar to Plaintiff's VANGUARD Trademarks.

55.    Defendants' aforesaid acts are in violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

**COUNT FOUR**

**COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**

56.    Plaintiff repeats and realleges Paragraphs 1 through 55 as if fully set forth herein.

57.    Defendants' unauthorized use of the VANGUARD Trademarks is likely to cause reverse confusion, mistake and/or deception to the public and the trade as to the origin, source,

sponsorship or quality of Plaintiff's goods and services in that the public and the trade will believe that Plaintiff's goods and services originate and/or are otherwise authorized by Defendants.

58.    Defendants' aforementioned acts were done with full knowledge of Plaintiff's prior rights in the VANGUARD Trademarks and with the full knowledge of the substantial reputation and goodwill associated with Plaintiff. Defendants have proceeded without a license or authority to use the VANGUARD Trademarks and/or to create an association with Vanguard's VANGUARD Trademarks. By appropriating Vanguard's eighteen (18) years of goodwill in the VANGUARD Trademarks, Defendants will unjustly enrich themselves and cause damage to Plaintiff, as follows:

(a)    Defendants' use of the designation "Vanguard Press" on or in connection with the name of a book publishing imprint and the books published thereby constitutes unauthorized use of Plaintiff's VANGUARD Trademarks, other symbols of origin and indicia of Plaintiff, and is likely to cause consumers to mistakenly believe that books published with the indicia "Vanguard Press" are affiliated or associated with Plaintiff and/or Plaintiff's VANGUARD Trademarks, or that Plaintiff's books are affiliated or associated with Defendants.

(b)    Defendants' use of the designation "Vanguard Press" on or in connection with the Internet constitutes unauthorized use of Plaintiff's VANGUARD Trademarks, other symbols of origin and indicia of Plaintiff, and is likely to cause consumers to mistakenly believe that the books published with the indicia "Vanguard Press" are affiliated or associated with Plaintiff or Plaintiff's VANGUARD Trademarks, or that Plaintiff's books are affiliated with Defendants.

59.    Defendants' conduct is blatant, willful and intentional and is undertaken with the full knowledge of Plaintiff's prior, superior rights in its VANGUARD Trademarks.

60.    Defendants' conduct constitutes common law trademark infringement and unfair competition with Plaintiff which is causing immediate and irreparable harm to Plaintiff and to Plaintiff's goodwill. Plaintiff will continue to be damaged and the public will continue to be deceived unless Defendants are enjoined by this Court. Plaintiff has no adequate remedy at law.

## COUNT FIVE

## TRADEMARK DILUTION AND INJURY TO BUSINESS REPUTATION UNDER NEW YORK LAW N.Y.G.B.L. §360-L

61.    Plaintiff repeats and realleges Paragraphs 1 through 60 as if fully set forth herein.

62.    Defendants have injured and will continue to injure Plaintiff's business reputation and create a blurring and tarnishment of Plaintiff's VANGUARD Trademarks where Plaintiff has no control over Defendants. Accordingly, Defendants are diluting and are likely to continue diluting Plaintiff's distinctive VANGUARD Trademarks, as follows:

(a)    Defendants' unauthorized use of Plaintiff's VANGUARD Trademarks is diluting and is likely to continue to dilute Plaintiff's valuable and distinctive VANGUARD Trademarks by blurring the distinctiveness thereof and tarnishing Plaintiff's VANGUARD Trademarks. Such unauthorized usage is likely to cause injury to Plaintiff's business reputation and/or dilute the distinctive quality of Plaintiff's VANGUARD Trademarks in violation of Section 360-L of the General Business Law of the State of New York.

(b)    Defendants' unauthorized use of Plaintiff's VANGUARD Trademarks on the Internet is diluting and is likely to continue to dilute Plaintiff's valuable and distinctive VANGUARD Trademarks by blurring the distinctiveness thereof and tarnishing Plaintiff's VANGUARD Trademarks. Such unauthorized usage is likely to cause injury to Plaintiff's

17

business reputation and/or dilute the distinctive quality of Plaintiff's VANGUARD Trademarks in violation of Section 360-L of the General Business Law of the State of New York.

63.    By reason of the foregoing, Plaintiff is being irreparably harmed and will continue to be irreparably harmed unless Defendants are enjoined from using Plaintiff's VANGUARD Trademarks, which use is diluting the distinctive quality of Plaintiff's VANGUARD Trademarks.

## COUNT SIX

### DECEPTIVE TRADE PRACTICES UNDER NEW YORK LAW N.Y.G.B.L. §349-350

64.    Plaintiff repeats and realleges Paragraphs 1 through 63 as if fully set forth herein.

65.    Defendants' acts as above alleged are misleading in a material respect, and Plaintiff has suffered injury as a result.

66.    Defendants' aforesaid acts constitute deceptive trade practices in violation of Section 349-350 of the General Business Law of the State of New York.

WHEREFORE, Plaintiff demands judgment as follows:

1.    Awarding Plaintiff monetary relief on its Lanham Act claims, including Plaintiff's actual damages, Defendants' profits, Plaintiff's lost profits, statutory damages and treble damages as permitted under 15 U.S.C. §1117 arising out of Defendants' acts of willful trademark infringement, false designation of origin, unfair competition and cyberquatting, in the amount of One Million Dollars ($1,000,000.00) or such greater amount as determined to be appropriate at trial;

2.    Preliminarily and permanently enjoining Defendants, their employees, agents, licensees, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with any of them, including any entities controlled in whole or in part by

Defendants or any entities created by Defendants in the future, pursuant to 15 U.S.C. §1116 and NY GBL §360-l, from the following activities: (i) infringing Plaintiff's VANGUARD Trademarks; (ii) creating by any acts or devices, any impression that Defendants' goods or services have any association, connection or affiliation with Plaintiff or Plaintiff's VANGUARD Trademarks; (iii) competing unfairly with Plaintiff; (iv) diluting, blurring and/or tarnishing the distinctive quality of Plaintiff's VANGUARD Trademarks; and (v) exploiting Plaintiff's identity for Defendants' commercial benefit without authorization, and specifically from:

(a)     imitating, copying or making unauthorized use of the VANGUARD Trademarks;

(b)     directly or indirectly manufacturing, producing, distributing, selling, offering for sale, advertising, marketing, promoting or displaying any product or service bearing any unauthorized reproduction, copy or colorable imitation of the VANGUARD Trademarks;

(c)     using any unauthorized colorable imitation of the VANGUARD Trademarks in connection with the manufacture, distribution, production, sale, offer for sale, advertising, marketing, promotion or display of any product or service;

(d)     engaging in any other activity constituting unfair competition with Vanguard, or constituting an infringement of any of the VANGUARD Trademarks or of Vanguard's rights therein, or their right to exploit such trademarks; and

(e)     engaging in any other conduct that is likely to cause confusion or to cause mistake or to deceive as to the source, affiliation, connection, or association of Vanguard's products or services with Defendants.

3.     Directing that Defendants use their best efforts to recall from the trade, including any and all distributors, wholesalers, dealers, retailers and all other third parties, any and all

infringing products bearing the "Vanguard Press" mark and/or any and all products bearing any other mark that is confusingly similar to the VANGUARD Trademarks, along with any and all marketing, sales, advertising and promotional materials used in connection therewith and/or in the performance of Defendants' business;

4.    Directing that Defendants use their best efforts to contact all online retailers currently listing any "Vanguard Press" publications or future publications and require such retailers to remove all references to "Vanguard Press" from all such product listings, including but not limited to, Amazon.com (including all country code variations thereof), BN.com, Buy.com, Walmart.com, BooksAMilion.com, BookSense.com, Powells.com, A1Books.com, GoHastings.com, and Indigo.ca;

5.    Directing that Defendants relinquish all rights in the Internet domain names "www.vanguardpressbooks.com" and "www.vanguardpress.net" and transfer the Internet domain names to Plaintiff, pursuant to 15 U.S.C. §1125(d)(1)(C);

6.    Directing that Defendants file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of judgment a report in writing and under oath as provided in 15 U.S.C. §1116 setting forth in detail the manner and form in which Defendants have complied with the requirements of the foregoing injunction and orders;

7.    Directing that Defendants deliver up to Plaintiff for destruction or other disposition, within thirty (30) days after entry of judgment, any and all infringing goods or services and any marketing, sales, advertising and promotional materials used in connection therewith, now or hereafter in their possession, custody or control as provided in 15 U.S.C. § 1118;

8.    Directing that Defendants account for all gains, profits and advantages derived from their acts of trademark infringement, false designation of origin, unfair competition, cybersquatting, and for their other violations of law;

9.    Awarding Plaintiff compensatory damages on its state law claims in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00) or such greater amount as determined to be appropriate at trial;

10.    Awarding Plaintiff its attorneys' fees, costs and disbursements incurred herein in view of Defendants' intentional and willful infringement, pursuant to 15 U.S.C. §1117;

11.    Awarding Plaintiff punitive and exemplary damages in the amount of One Million Dollars ($1,000,000.00) or such greater amount as determined to be appropriate at trial on its state law claims for Defendants' willful and wanton violation of Plaintiff's rights;

12.    Awarding Plaintiff pre-judgment and post-judgment interest to the maximum extent permitted by law; and

13.    Granting to Plaintiff such other relief as the Court may deem just and proper.

Dated: July 21, 2008

**GRIMES & BATTERSBY, LLP**

By _____
Charles W. Grimes (CG 0899)
Jessica S. Rutherford (JR 6298)
200 W. 57th Street, Suite 1101
New York, NY 10019
(914) 698-1305

488 Main Avenue
Norwalk, CT 06851
(203) 849-8300

Attorneys for Plaintiff J. David Spurlock,
d/b/a/ Vanguard Productions